UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY G. CLOWERS,

                Plaintiff,

      v.                                                                           Case No. 23-cv-1088-bhl

DODGE CORRECTIONAL INSTITUTION,
CURTIS J. MESSER, and
JASON M.,

                Defendants.

---

## SCREENING ORDER

---

Plaintiff Gregory Clowers, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Clowers' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Clowers has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Clowers has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $59.73. Clowers' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Clowers, on May 23, 2023, Defendant Sgt. Curtis Messer transported Clowers to and from a medical appointment. Clowers explains that he is a double amputee above the knee and is confined to a wheelchair. Clowers asserts that Messer was not paying attention while he was driving and hit the brakes hard to avoid people crossing the street. Clowers states that he was ejected from his wheelchair and slammed into the front of the van. He explains that he suffered significant injury to his face and began to bleed profusely. Dkt. No. 1. Clowers' complaint names Messer, the Dodge Correctional Institution, and "Jason M." as defendants.

## THE COURT'S ANALYSIS

According to Clowers, "this accident happened" because "Sgt. Messer was not paying attention." Dkt. No. 1 at 4. These are allegations of negligence and may constitute a state law tort but not a federal constitutional claim. It is well established that allegations of negligence are insufficient to state a deliberate indifference claim under the Eighth Amendment. The Supreme Court long ago explained, "deliberate indifference describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Accordingly, while Clowers may choose to pursue a negligence claim against Messer in state court, his allegations that he was injured as a result of Messer's negligence are insufficient to state a constitutional claim in federal court.

Clowers also fails to state a claim against Jason M. Although he names this individual in the caption of his complaint, he does not allege what Jason M. did or did not do to violate his

3

rights. Section 1983 requires that an individual be personally involved in the alleged constitutional violation to be liable. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id*.

Clowers also fails to state a claim against Dodge Correctional Institution. The institution is not a suable entity because it is not a "person" for purposes of §1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Because Clowers is proceeding without counsel, the Court will allow him a chance to file an amended complaint, if he wishes, to try to allege a viable federal claim. Clowers is advised that, if he files an amended complaint, it will replace his original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Clowers files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If he does not file an amended complaint, the Court will dismiss this case based on Clowers' failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Clowers' motion for leave to proceed *in forma pauperis* (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 22, 2024**, Clowers may file an amended complaint curing the defects in the original complaint as described in this decision. If Clowers does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Clowers a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Clowers shall collect from his institution trust account the $290.27 balance of the filing fee by collecting monthly payments from Clowers' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Clowers is transferred to another institution, the transferring institution shall forward a copy of this Order along with Clowers' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Clowers is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Clowers is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge